UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EVOLUTION MALTA LIMITED,
EVOLUTION GAMING MALTA LIMITED,
EVOLUTION GAMING LIMITED, and
SIA EVOLUTION LATVIA,

        Plaintiff,

v.

LIGHT & WONDER, INC. f/k/a SCIENTIFIC
GAMES CORP. and LNW GAMING, INC.
f/k/a SG GAMING, INC.,

        Defendants.

Case No. 2:24-cv-00993-CDS-EJY

**ORDER**

Pending before the Court is Plaintiffs' Ex Parte Motion for Leave to File Select Portions of Complaint Under Seal.  ECF No. 2.  Plaintiffs seek permission to file a redacted version of their Complaint so as not to disclose "information that is subject to confidentiality provisions … of agreements between the parties.  *Id.* at 2.  Plaintiffs contend that if this information is publicly disclosed, Defendants may claim Plaintiffs violated their obligations "under the agreements." *Id.* at 2-3.

There is a strong presumption in favor of access to public records; to overcome it, a party seeking to seal a judicial record must articulate "compelling reasons" for sealing that outweigh the historical right of access and the public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  "A request to seal all or part of a complaint must clearly meet the compelling reasons standard." *Liles v. Cnty. of Sacramento*, Case No. 2:24-CV-00416-KJM-CKD, 2024 WL 1971882, at *1 (E.D. Cal. May 3, 2024) (internal quotation omitted); *see also Nguyen v. Smith Salon, LLC*, Case No. 2:21-CV-00213-KJD-BNW, 2021 WL 6773090, at *1-2 (D. Nev. May 3, 2021) (applying "compelling reasons" standard to request to seal complaint). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179, (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).  When a party does not "point to any specific facts, supported by affidavits or concrete examples, to show why any specific confidential information should remain under seal," the party fails to provide sufficient information to constitute "compelling reasons" to seal a filing.  *KPG Invs., Inc. v. Sonn*, Case No. 3:22-CV-00236-ART-CLB, 2023 WL 4235019, at *4 (D. Nev. June 28, 2023).  *See also Small v. Univ. Med. Ctr. of S. Nevada*, Case No. 2:13-CV-00298-APG-PAL, 2015 WL 1281549, at *3 (D. Nev. Mar. 20, 2015) (recognizing same).

In support of their Motion, Plaintiffs offer only general assertions that the information they seek to seal is covered by certain unspecified "agreements between the parties," and thus that Defendants might sue Plaintiffs if Plaintiffs' request is denied.  ECF No. 2 at 1-2.  These vague assertions do not include the specificity required to adequately support Plaintiffs' request.  Plaintiffs must provide some factual basis as to the nature of the information they seek to seal that supports an adequate legal reason for their request.  *See Kamakana*, 447 F.3d at 1179 (internal citation omitted).  As of now, the Court simply does not have enough information to rely upon to grant the request.

Accordingly, IT IS HEREBY ORDERED that if Plaintiffs seeks to file their Complaint with unredacted portions under seal, Plaintiffs **must**, no later than **June 10, 2024,** file a memorandum providing additional information demonstrating a compelling reason for the sealing request.

IT IS FURTHER ORDERED that Plaintiffs' Complaint at ECF No. 1 will remain temporarily sealed pending further order of the Court.

DATED this 4th day of June, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2