| | |
|---|---|
| JONES DAY<br>HAROLD K. GORDON, ESQ.<br>(Admitted *Pro Hac Vice*)<br>hkgordon@jonesday.com<br>250 Vesey Street<br>New York, New York 10281<br>Telephone: (212) 326-3939 | JONES DAY<br>RYAN K. WALSH<br>(Admitted *Pro Hac Vice*)<br>rkwalsh@jonesday.com<br>1221 Peachtree Street N.E., Suite 400<br>Atlanta, Georgia 30361<br>Telephone: (404) 521-3939 |
| JONES DAY<br>JENNIFER D. BENNETT, ESQ.<br>(Admitted *Pro Hac Vice*)<br>jenniferbennett@jonesday.com<br>555 California Street, 26th Floor<br>San Francisco, California 94104<br>Telephone: (415) 626-3939 | JONES DAY<br>RANDALL E. KAY, ESQ.<br>(Admitted *Pro Hac Vice*)<br>rekay@jonesday.com<br>4655 Executive Drive, Suite 1500<br>San Diego, California 92121<br>Telephone: (858) 314-1139 |

CAMPBELL & WILLIAMS
PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222

*Attorneys for Defendants*
*Light & Wonder, Inc. and LNW Gaming, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EVOLUTION MALTA LIMITED, EVOLUTION GAMING MALTA LIMITED, EVOLUTION GAMING LIMITED and SIA EVOLUTION LATVIA,<br><br>Plaintiffs,<br><br>vs.<br><br>LIGHT & WONDER, INC. f/k/a SCIENTIFIC GAMES CORP. and LNW GAMING, INC. f/k/a SG GAMING, INC.,<br><br>Defendants, | CASE NO.: 2:24-cv-00993-CDS-EJY<br><br>**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS** |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 1

III. ARGUMENT .................................................................................................................... 3

    A. Legal Standard. ..................................................................................................... 3

    B. The "Preliminary Peek" Test Confirms That Discovery Should Be Stayed Pending Resolution of L&W's Motion. ................................................................. 6

        1. Factor One Favors A Stay: L&W's Motion Is Potentially Dispositive. ................................................................................................. 6

        2. Factor Two Favors A Stay: Resolution Of L&W's Motion Does Not Require Discovery. ............................................................................ 7

        3. Factor Three Favors A Stay: A "Preliminary Peek" At L&W's Motion Demonstrates That Evolution's Complaint Will Be Dismissed. ................................................................................................... 8

        4. Rule 1 Also Supports An Order Staying Discovery ............................... 10

IV. CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

Page

**CASES**

*Aguirre v. S. Nev. Health Dist.*,
  No. 2:13-cv-01409-LDG-CWH, 2013 WL 6865710 (D. Nev. Dec. 30, 2013) ........................ 7

*Arik v. Meyers*,
  No. 2:19-cv-01908-JAD-NJK, 2020 WL 515843 (D. Nev. Jan. 31, 2020) ...................... 4, 8, 9

*Banq, Inc. v. Purcell*,
  No. 2:22-cv-00773-MMD-VCF, 2022 WL 17823759 (D. Nev. Dec. 20, 2022) ................... 7

*Davis v. Nevada*,
  No. 3:13-cv-00559-MMD-WGC, 2014 WL 1308347 (D. Nev. Mar. 31, 2014) ............ 5, 8, 10

*Diminico v. Geico Cas. Co.*,
  No. 2:22-cv-01041-RFB-BNW, 2022 WL 16964795 (D. Nev. Nov. 16, 2022) ..................... 4

*Flynn v. Nevada*,
  345 F.R.D. 338 (D. Nev. 2024) .................................................................................... 4, 5

*King v. Robertson*,
  No. 3:21-CV-00471-MMD-CLB, 2022 WL 117843 (D. Nev. Jan. 11, 2022) ................. 5, 7, 8

*Kor Media Grp., LLC v. Green*,
  294 F.R.D. 579 (D. Nev. 2013) ......................................................................................... 6

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .......................................................................................................... 4

*Layton v. Green Valley Vill. Cmty. Ass'n*,
  No. 2:14-cv-01347-GMN-EJY, 2022 WL 1748067 (D. Nev. May 27, 2022) ................ 3, 5, 9

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988) ............................................................................................. 4

*Mahamedi IP Law, LLP v. Paradice & Li, LLP*,
  No. 5:16-cv-02805-EJD, 2017 WL 2727874 (N.D. Cal. Feb. 14, 2017) ............................ 4

*Puckett v. Schnog*,
  No. 2:12-cv-01958-GMN-NJK, 2013 WL 1874754 (D. Nev. May 3, 2013) ...................... 7

*Salvador v. GEICO Gen. Ins. Co.*,
  No. 2:20-cv-00798-RFB-BNW, 2020 WL 5898780 (D. Nev. Oct. 5, 2020) ..........................7

*Shaughnessy v. Credit Acceptance Corp. of Nev., Inc.*,
  No. 2:07-cv-00921-KJD-GWF, 2007 WL 9728688 (D. Nev. Nov. 28, 2007)......................5, 9

*Shumpert v. Madrid*,
  No. 2:15-cv-02273-JAD-EJY, 2020 WL 1149887 (D. Nev. Mar. 6, 2020) ..........................7, 9

*Smith v. Craig*,
  No. 2:19-cv-00824-GMN-EJY, 2019 WL 6902755 (D. Nev. Nov. 26, 2019) .......................10

*State Farm Mut. Auto. Ins. Co. v. Hudson*,
  No. 2:22-cv-02123-RFB-EJY, 2023 WL 3061552 (D. Nev. Apr. 24, 2023) ..................3, 5, 10

*Tradebay, LLC v. eBay, Inc.*,
  278 F.R.D. 597 (D. Nev. 2011)..................................................................................4, 5, 10

*Urban Outfitters, Inc. v. Dermody Operating Co.*,
  No. 3:21-cv-00109-MMD-CLB, 2021 WL 3605053 (D. Nev. Aug. 13, 2021) ..................6, 10

*Wooters v. Experian Info. Sols.*,
  No. 2:22-cv-01691-CDS-BNW, 2023 WL 3584109 (D. Nev. May 22, 2023)......................5, 8

**STATUTES**

35 U.S.C. § 101 .........................................................................................................................6

Defend Trade Secrets Act of 2016, Pub. L. 114-153, 130 Stat. 376...............................................1

Nevada Trade Secrets Uniform Act, Nev. Rev. Stat. § 660A........................................................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 1................................................................................................................4, 5, 10

Fed. R. Civ. P. 12(b)(6).................................................................................................2, 5, 7, 8

Fed. R. Civ. P. 26(c)(1)..............................................................................................................4

Defendants Light & Wonder, Inc. and LNW Gaming, Inc. (collectively, "L&W") hereby submit their Motion to Stay Discovery Pending Ruling on L&W's Motion to Dismiss, Stay, and Compel Arbitration ("Motion") (ECF No. 34).

## I. INTRODUCTION

This Court should exercise its broad discretion and stay discovery pending resolution of L&W's Motion. L&W's Motion—for the compelling reasons set forth therein—should dispose of the entirety of Evolution's case. Evolution's three patent claims are ripe for dismissal under Federal Circuit precedent, as the asserted patents claim patent-ineligible subject matter—wagering on the game of roulette. Moreover, Evolution's trade secret claims are subject to the parties' enforceable arbitration agreement and thus should never have been filed in this Court in the first place. Regardless, in the same agreement in which the parties' arbitration clause can be found, the parties also specifically agreed that any claims relating to their agreement must be brought within 12 months from the date such claims arose. Here, Evolution waited nearly three years to assert its trade secret claims and for over two years on two of its three patent claims, so those claims are time barred (even if the trade secret claims were not arbitrable). Further, having sat on these claims for so long, Evolution cannot claim prejudice from a stay of discovery, particularly when waiting on the outcome of L&W's Motion is highly likely to prevent a waste of party resources given the strength of that fully-dispositive motion. Accordingly, L&W respectfully requests that its motion to stay discovery be granted.

## II. BACKGROUND

L&W will not fully restate the facts of the case as set out in its Motion here and instead respectfully refers the Court to that filing and the accompanying papers, including L&W's forthcoming reply brief. ECF No. 34. In short, Plaintiffs Evolution Malta Limited, Evolution Gaming Malta Limited, Evolution Gaming Limited, and SIA Evolution Latvia (collectively, "Evolution") accuse L&W of infringing three patents ("Patent Claims") and misappropriating trade secrets under the Defend Trade Secrets Act and Nevada Trade Secrets Uniform Act ("Trade Secret Claims"). ECF No. 1.

The three asserted patents—U.S. Patent Nos. 10,629,024 (the "'024 patent"), 11,011,014

1

(the "'014 patent"), and 11,756,371 (the "'371 patent") (collectively, the "Asserted Patents")—are directed to wagering on the century-old game of roulette, and all of the described embodiments use three core components—a roulette wheel, a ball, and a hardware processor.  ECF No. 34 at 1.  The alleged trade secrets of the Trade Secret Claims are identified by Evolution as Lightning Roulette math files, which Evolution alleges lay out the math for "the frequency with which each multiplier is selected, the frequency with which the roulette numbers are selected as 'Lucky Numbers,' and the frequency with which the ball lands on a roulette number," allowing its Lightning Roulette game to remain profitable.  ECF No. 1, ¶¶ 17, 20.

On March 29, 2021, L&W and Evolution entered into a Lightning Roulette License Agreement ("License Agreement") providing L&W an exclusive license to the Asserted Patents so that L&W could develop and manufacture a physical Lightning Roulette game table.  *See* ECF No. 34, Ex. 1 at 3 § D.  The License Agreement also provided L&W's obligations with respect to the "math files."  ECF No. 1, ¶ 20.  The parties agreed in the License Agreement to resolve "[a]ny claim . . . which arises out of or in connection with this Agreement, . . . under the Rules of Arbitration of the International Chamber of Commerce [("ICC")]."  *See* ECF No. 43, Ex. 1 at 20 § 15(c).  Article 6(3) of the ICC's Rules provides "if any party raises one or more pleas concerning the existence, validity or scope of the arbitration agreement . . . the arbitration shall proceed and any question of jurisdiction . . . shall be decided directly by the arbitral tribunal."  The License Agreement further provides the parties "shall bring any claim arising under or relating to this Agreement within twelve (12) Months from the date of the claim arising . . . ."  *Id.* at 15 § 8(g).

As alleged in Evolution's Complaint, "Evolution first discovered that L&W had misappropriated Evolution's trade secrets when L&W unilaterally sought to terminate the parties' [License] Agreement in *August 2021*."  ECF No. 1, ¶ 142 (emphasis added).  Relatedly, Evolution alleged, "by letters dated *February 28, 2022*, . . . Evolution . . . put L&W on notice that RouletteX infringes the '024 patent" and '014 patent.  *Id*. ¶¶ 61, 88 (emphasis added).

This lawsuit was filed on May 28, 2024.  *Id.*  On July 24, 2024, L&W moved (i) to dismiss the Patent Claims (Counts I, II, and III) pursuant to Federal Rule of Civil Procedure 12(b)(6) because Evolution's patents do not claim patent-eligible subject matter, and because Counts I and

2

1  II are time-barred under the License Agreement; and (ii) to stay and compel arbitration of the Trade
2  Secret Claims (Counts IV and V) because they are subject to the parties' arbitration agreement; or,
3  alternatively, to dismiss the Trade Secret Claims because they are each time-barred under the
4  License Agreement.  ECF No. 34 at 1.  Evolution asked for and L&W agreed to a 30-day extension
5  of time for Evolution to oppose L&W's Motion and in exchange L&W received a 21-day extension
6  for its Reply.  Thus, Evolution's opposition is due on September 6, 2024 and L&W's Reply is due
7  on October 4, 2024.  ECF No. 42.

### III.    ARGUMENT

9  This Court takes a "preliminary peek" to determine whether the court should stay discovery
10 pending resolution of a motion to dismiss.  *See, e.g., State Farm Mut. Auto. Ins. Co. v. Hudson*,
11 No. 2:22-cv-02123-RFB-EJY, 2023 WL 3061552, at *2 (D. Nev. Apr. 24, 2023) (staying
12 discovery pending a decision on a motion to dismiss); *Layton v. Green Valley Vill. Cmty. Ass'n*,
13 No. 2:14-cv-01347-GMN-EJY, 2022 WL 1748067, *2 (D. Nev. May 27, 2022) (same).  After the
14 three-step "preliminary peek" at L&W's pending Motion, this Court should find that a stay pending
15 resolution of L&W's Motion is warranted because (i) L&W's Motion will be dispositive of all of
16 Evolution's claims, as all such claims either fail as a matter of law or are subject to the parties'
17 enforceable agreement to arbitrate such claims; (ii) no discovery is needed to decide L&W's
18 Motion; and (iii) this Court should be convinced that L&W's Motion is likely to be granted.  A
19 stay will therefore prevent the unnecessary waste of the parties' time and resources associated with
20 discovery pending a decision on L&W's Motion.  Moreover, Evolution cannot argue that it will
21 be prejudiced by any delay associated with such a stay after waiting nearly three years to bring its
22 Trade Secret Claims and over two years to bring two of its three Patent Claims.  Certainly, time is
23 not of the essence and given the potential benefit of an inexpensive resolution of this action without
24 conducting discovery, L&W respectfully requests that this Court exercise its broad discretion and
25 enter an Order staying discovery in this case pending resolution of L&W's Motion.

26 **A.    Legal Standard.**

27 Federal courts' "power to stay proceedings is incidental to the power inherent in every
28 court to control the disposition of the causes on its docket with economy of time and effort for

3

itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1 (as amended to Dec. 1, 2007)).

"The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery." *Diminico v. Geico Cas. Co.*, No. 2:22-cv-01041-RFB-BNW, 2022 WL 16964795, at *1 (D. Nev. Nov. 16, 2022) (citing cases). Traditionally, courts in this District have applied the three-part "preliminary peek framework" to determine whether discovery should be stayed pending the resolution of a motion to dismiss. *Flynn v. Nevada*, 345 F.R.D. 338, 344–46 (D. Nev. 2024). The three-part "preliminary peek" test similarly applies when the pending motion is one seeking to compel arbitration. *Arik v. Meyers*, No. 2:19-cv-01908-JAD-NJK, 2020 WL 515843, at *1 (D. Nev. Jan. 31, 2020) (holding that, to stay discovery, "(1) the pending motion [must be] potentially dispositive; (2) the motion to compel arbitration can be decided without additional discovery; and (3) a magistrate judge has taken a 'preliminary peek' at the underlying motion."). Courts have routinely stayed discovery pending resolution of a motion to compel arbitration. *See, e.g.*, *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-cv-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases).

The "preliminary peek" three-part framework is as follows:

*First*, "the underlying motion must be potentially dispositive in scope and effect" because "a stay of discovery is generally appropriate only when a ruling on the underlying motion in favor of the movant would resolve the case such that any discovery conducted would be a waste of time

4

and resources." *Flynn*, 345 F.R.D. at 345.

*Second*, "the potentially dispositive motion must be resolvable without the need for additional discovery." *Id.* And discovery is not necessary to resolve a motion to dismiss filed on the pleadings under Fed. R. Civ. P. 12(b)(6) because determinations regarding the sufficiency of pleadings "are questions of law." *Wooters v. Experian Info. Sols.*, No. 2:22-cv-01691-CDS-BNW, 2023 WL 3584109, at *3 (D. Nev. May 22, 2023); *see also Layton*, 2022 WL 1748067, at *2 ("No discovery is needed to decide the issues as they are matters of law.")

*Third*, "the Court must take a 'preliminary peek' at the merits of the potentially dispositive motion and must be convinced that the plaintiff will be unable to state a claim for relief." *Flynn*, 345 F.R.D. at 345[1]; *but see State Farm*, 2023 WL 3061552, at *1 (stating the third factor requires that "the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion to evaluate the *likelihood* of dismissal") (emphasis added); *Davis v. Nevada*, No. 3:13-cv-00559-MMD-WGC, 2014 WL 1308347, at *2–4 & nn. 2–3 (D. Nev. Mar. 31, 2014) (questioning whether Ninth Circuit precedent requires a court to be "convinced" that the complaint fails to state a claim or merely have a "real question" about the merits of the lawsuit before concluding the court should focus on whether it would be "more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case," consistent with Rule 1). "When the pending motion is one seeking to compel arbitration," as opposed to dismissing the claims, "a stay is appropriate when the preliminary peek reveals that there is a reasonable possibility or probability that the district judge will compel arbitration." *King v. Robertson*, No. 3:21-CV-00471-MMD-CLB, 2022 WL 117843, at *1 (D. Nev. Jan. 11, 2022) (citing *Shaughnessy v. Credit Acceptance Corp. of Nev., Inc.*, No. 2:07-cv-00921-KJD-GWF, 2007 WL 9728688, at *3 (D. Nev. Nov. 28, 2007) (granting motion to stay discovery based on, *inter alia*, the "reasonable possibility or probability that the District Judge will grant Defendant's motion to compel arbitration")). "In conducting this preliminary peek, it is the Court's duty is [sic] to ensure an inexpensive

---

[1] The "'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this Court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Tradebay*, 278 F.R.D. at 603.

5

determination of this action, and delaying discovery would prevent economic waste, since conducting discovery before the ruling on the motions to dismiss would be futile." *Urban Outfitters, Inc. v. Dermody Operating Co.*, No. 3:21-cv-00109-MMD-CLB, 2021 WL 3605053, at *4 (D. Nev. Aug. 13, 2021).

**B.   The "Preliminary Peek" Test Confirms That Discovery Should Be Stayed Pending Resolution of L&W's Motion.**

L&W respectfully submits that, after a "preliminary peek" at the merits of L&W's Motion, the Court will be convinced that a stay of discovery is appropriate here to avoid the unnecessary waste of client resources because (i) the three Asserted Patents are not patent eligible under Section 101 of the Patent Act; (ii) the Trade Secret Claims are subject to the parties' arbitration agreement and must be stayed pending resolution by an arbitration panel (or at least until an arbitration panel can determine if they are arbitrable); or alternatively, (iii) Evolution's Trade Secret Claims and two of the three Patent Claims (relating to the '024 and '014 patents) are time-barred.  And, as noted above, such a stay is particularly appropriate here, given Evolution's decision to wait two and three years, respectively, to bring Patent Claims and Trade Secret Claims against L&W.

1.   <u>Factor One Favors A Stay: L&W's Motion Is Potentially Dispositive.</u>

The first factor under the "preliminary peek" framework is satisfied because L&W's Motion is potentially dispositive, as it seeks the dismissal and/or arbitration of all causes of action alleged in Evolution's Complaint.  ECF No. 34 at 1.  L&W moved to dismiss L&W's Patent Claims because they fail as a matter of law.  *Id.*  None of the Asserted Patents are eligible for patent protection under Section 101, and the Patent Claims relating to the '024 and '014 patents are subject to the License Agreement's one-year limitations period, which had easily run on these patents by the time Evolution filed this action.[2]  ECF No. 34 at 19–22.  L&W's Motion to dismiss the Patent Claims is dispositive on all three Patent Claims.  *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581–82 (D. Nev. 2013) (finding a motion to dismiss the case potentially dispositive).

Evolution's Trade Secret claims are subject to the License Agreement's enforceable

---

[2] The '371 Patent did not issue until September 12, 2023, which is within twelve months of filing this lawsuit.  *See* ECF No. 1, ¶ 95.

6

arbitration provision and therefore must be arbitrated. ECF No. 34 at 14–19. Courts in this District have repeatedly held that a motion to compel arbitration is potentially dispositive. *See, e.g.*, *Banq, Inc. v. Purcell*, No. 2:22-cv-00773-MMD-VCF, 2022 WL 17823759, at *2 (D. Nev. Dec. 20, 2022) (staying discovery and finding a motion to compel arbitration is potentially dispositive); *King*, 2022 WL 117843, at *2 (finding that "a motion to compel arbitration is dispositive"). And, even if the Trade Secret Claims are not subject to the License Agreement's arbitration clause, they too should be dismissed as time-barred under the License Agreement's one-year limitations period. ECF No. 34, Ex. 1 at 15 § 8(g).

Given that each of the Patent Claims (Counts I–III) are the subject of motion to dismiss and the Trade Secret Claims (Counts IV–V) should be arbitrated or dismissed, L&W's Motion is potentially dispositive in its entirety, and the first factor of the "preliminary peek framework" is met. *See Puckett v. Schnog*, No. 2:12-cv-01958-GMN-NJK, 2013 WL 1874754, at *1 (D. Nev. May 3, 2013) (defendant met its burden for this portion of the test where defendant moved to dismiss the Complaint in its entirety); *see also Aguirre v. S. Nev. Health Dist.*, No. 2:13-cv-01409-LDG-CWH, 2013 WL 6865710, at *2 (D. Nev. Dec. 30, 2013) (same).

### 2. Factor Two Favors A Stay: Resolution Of L&W's Motion Does Not Require Discovery.

The second factor is also satisfied because L&W's Motion does not require any discovery.

L&W's Motion to Dismiss the Patent Claims (as ineligible or time-barred) and Motion to Dismiss the Trade Secret Claims as time-barred requires no discovery because that portion of the Motion was brought under Fed. R. Civ. P. 12(b)(6). *Salvador v. GEICO Gen. Ins. Co.*, No. 2:20-cv-00798-RFB-BNW, 2020 WL 5898780, at *3 (D. Nev. Oct. 5, 2020) ("To resolve a Rule 12(b)(6) motion, 'the court asks only whether the pleadings are sufficient to establish a claim,' not whether the plaintiff will be able to 'find evidence to support the pleadings.'") (citation omitted); *see also Shumpert v. Madrid*, No. 2:15-cv-02273-JAD-EJY, 2020 WL 1149887, at *3 (D. Nev. Mar. 6, 2020) ("Defendants' Motion to Dismiss can be decided purely on the legal sufficiency of Plaintiff's claim, pursuant to Fed. R. Civ. P. 12(b)(6). That is, dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) where a pleader fails to state a claim upon which relief can be granted.");

7

*Wooters*, 2023 WL 3584109, at *3 (discovery is not necessary to resolve a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because whether the required elements of a claim are sufficiently alleged "are questions of law").

Additionally, the portion of L&W's Motion which compels arbitration of Evolution's Trade Secret Claims similarly will not require any, let alone additional, discovery. This Court has repeatedly found that this factor is satisfied when the underlying motion is one to compel arbitration. *See, e.g.*, *Arik*, 2020 WL 515843, at *2, n.1 (finding discovery is not required for the resolution of a motion to compel when the motion is pursuant to an arbitration agreement signed by both parties); *King*, 2022 WL 117843, at *2 (finding discovery is not required for the resolution of defendant's motion to compel, even when plaintiff argued defendant fabricated evidence and facts to establish the existence of an arbitration agreement between the parties). Here, L&W moved to compel arbitration because L&W and Evolution agreed to arbitrate such claims in their License Agreement. ECF No. 34 at 14–15. And, even if Evolution disputed the arbitrability of the Trade Secret Claims, the License Agreement, via the Rules of Arbitration of the ICC, also delegates questions regarding arbitrability to an arbitrator. *Id.* at 15–17. Thus, L&W's motion to compel arbitration does not require any discovery, and the second factor is also met.

    3. <u>Factor Three Favors A Stay: A "Preliminary Peek" At L&W's Motion Demonstrates That Evolution's Complaint Will Be Dismissed.</u>

The third factor is satisfied because the Court's "preliminary peek" into the merits of L&W's Motion should leave this Court convinced that Evolution has (a) failed to assert eligible Patent Claims; (b) asserted Trade Secret Claims in this action that instead should be arbitrated; and (c) asserted Trade Secret Claims and Patent Claims relating to the '024 and '014 patents that are time-barred by the License Agreement. L&W will not reargue its Motion here and instead respectfully refers the Court to that filing and the accompanying papers, including L&W's forthcoming reply brief. ECF No. 34. In short, L&W's Motion is based on clear grounds (and, in some instances, multiple, independent grounds), and this Court should be both persuaded[3] and

---

[3] In taking a "preliminary peek" into the merits of L&W's Motion, there is support that this Court merely needs to be persuaded that the dismissal motion is "likely to be successful." *Davis*, 2014

8

convinced that the Motion is likely to be successful.

First, it is likely that the Asserted Patents of the Patent Claims are patent ineligible and will be dismissed. Under the Supreme Court's two-step framework governing the eligibility inquiry, the Asserted Patents are directed towards the abstract idea of playing roulette and claim well-known gambling concepts, which are not inventive alone or in combination. *See id.* at 4–14. The Federal Circuit has consistently found that claims directed to wagering games like roulette are abstract ideas and are not patent eligible. *See id.* at 5–8. The strong legal arguments presented by L&W in its Motion confirm that the Asserted Patents are not eligible for patent protection. *See id.* at 4–14; *see also Shumpert*, 2020 WL 1149887, at *2, *4 (staying discovery after taking a "preliminary peek" at the merits of the motion to dismiss and finding the defendant made "strong legal arguments that Plaintiff's Complaint fails to state a claim upon which relief can be granted.").

Second, it is reasonably possible or probable that this Court will compel arbitration of the Trade Secret Claims themselves and/or any dispute about the arbitrability of the Trade Secret Claims. In the context of a motion to compel arbitration, as opposed to a motion to dismiss, the "preliminary peek" test supports a stay of discovery when it "reveals that there is a reasonable possibility or probability that the district judge will compel arbitration." *Arik*, 2020 WL 515843, at *1 (citing *Shaughnessy*, 2007 WL 9728688, at *2–3). Given the parties' enforceable arbitration provision in their License Agreement, incorporation of the Rules of the ICC in the same, and the strong presumption in favor of arbitrating a dispute, there is a "reasonable" possibility or probability that arbitration will be compelled pursuant to the License Agreement's arbitration clause. *See* ECF No. 34 at 17–19.

Alternatively, it is also likely that Evolution's Trade Secret Claims and Patent Claims relating to the '024 and '014 patents are time-barred by the License Agreement. The License Agreement unequivocally provides that the parties "shall bring any claim *arising under or relating to this Agreement* within twelve (12) Months from the date of the claim arising" and that "failure to do so shall result in any such claim automatically and irrevocably expiring." ECF No. 34, Ex.

---

WL 1308347, at *3; *see also Layton*, 2022 WL 1748067, at *2 (staying discovery when "[m]otion to [d]ismiss is also likely to be successful").

9

1 at 15 § 8(g) (emphasis added). Evolution has been aware of its Trade Secret Claims for nearly three years and two of the three Patent Claims for at least two years, as detailed in L&W's Motion. ECF No. 34 at 19–22. Such claims (even if the Court were to deny arbitration) are clearly time-barred.

Accordingly, the third factor is met.

### 4. Rule 1 Also Supports An Order Staying Discovery

Finally, "the goal of Rule 1 of the Federal Rules of Civil Procedure, which requires all the Rules 'be construed and administered to secure the just, speedy, and inexpensive determination of every action,'" also warrants a stay here. *State Farm*, 2023 WL 3061552, at *2. "Rule 1 of the Federal Rules of Civil Procedure is the Court's 'prime directive'" in weighing whether to stay discovery while a dispositive motion is pending. *Smith v. Craig*, No. 2:19-cv-00824-GMN-EJY, 2019 WL 6902755, at *1 (D. Nev. Nov. 26, 2019); *see also Tradebay*, 278 F.R.D. at 603. Conducting discovery at such an early stage of the litigation before a ruling on L&W's Motion goes against the spirit of Rule 1, as "it is the Court's duty is [sic] to ensure an inexpensive determination of this action," particularly when "conducting discovery before the ruling on the motion[] to dismiss would be futile. *Urban Outfitters*, 2021 WL 3605053, at *4.

Here, after waiting years to bring its claims, Evolution asserts three Patent Claims that are subject to dismissal on two independent grounds, and Trade Secret Claims that are subject to both a motion to compel arbitration and a motion to dismiss. "Discovery is expensive." *Tradebay*, 278 F.R.D. at 602. Given the burden and expense on at least L&W with moving forward with discovery on complex intellectual property claims, which may be dismissed in their entirety or in part, the just and inexpensive determination of this action on the Motion outweighs the benefits of allowing discovery to proceed at this time. *State Farm*, 2023 WL 3061552, at *2 (finding a level of uncertainty in a "case regarding which, if any, claims may proceed, . . . militates in favor of a stay of discovery until rulings on the pending dispositive motions provides a cleaner path forward"); *see also Davis*, 2014 WL 1308347, at *5 (stating that "while it is possible certain claims for relief may advance past the motion stage, this court anticipates many, and quite possibly all, will be dismissed").

10

### IV.  CONCLUSION

Based on the foregoing, L&W respectfully requests that the Court enter a stay of discovery pending the resolution of the Motion.

DATED this 16th day of August, 2024.

                CAMPBELL & WILLIAMS

By: */s/ Philip R. Erwin*
PHILIP R. ERWIN, ESQ. (11563)
710 South Seventh Street
Las Vegas, Nevada 89101

JONES DAY

HAROLD K. GORDON, ESQ.
(*Pro Hac Vice*)
RYAN K. WALSH, ESQ.
(*Pro Hac Vice*)
JENNIFER D. BENNETT, ESQ.
(*Pro Hac Vice*)
RANDALL E. KAY, ESQ.
(*Pro Hac Vice*)

*Attorneys for Defendants Light & Wonder, Inc and LNW Gaming, Inc.*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of August, 2024, I caused a true and correct copy of the foregoing **Defendants' Motion To Stay Discovery Pending Ruling On Motion To Dismiss** to be served via the United States District Court CM/ECF system on all parties or persons requiring notice.

/s/ *Philip R. Erwin*
An employee of Campbell & Williams

12