UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVOLUTION MALTA LIMITED et al., | Case No. 2:24-cv-0993-CDS-EJY |
| Plaintiffs, | |
| v. | **ORDER** |
| LIGHT & WONDER, INC. and LNW GAMING, INC., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss (ECF No. 44). The Court considered the Motion, Plaintiffs' Opposition (ECF No. 46), and Defendants' Reply (ECF No. 52).

**I.    Background**

Plaintiffs entered into a Licensing Agreement (sometimes the "Agreement") with Defendants on March 29, 2021, in which Defendants agreed to develop a land-based version of Plaintiffs' online Lightning Roulette Game using physical game tables. ECF No. 36. These game tables were never developed; instead, Defendants launched their own roulette products that Plaintiffs allege infringed on intellectual property rights. ECF No. 1 at 8-11. Plaintiffs filed their Complaint against Defendants on May 28, 2024, asserting claims for misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA") and Nevada's Uniform Trade Secrets Act ("UTSA"), as well as for infringement of three patents including: U.S. Patent Nos. 10,629,024, 11,011,014, and 11,756,371 (the "'371 patent"). ECF No 1. Defendants responded by filing a Motion to Dismiss arguing the three patents assert ineligible subject matter, Plaintiffs' trade secrets claims are subject to mandatory arbitration under the parties' Licensing Agreement, and all claims, save for infringement of the '371 Patent, are time barred under the Agreement. ECF No. 34. Defendants subsequently filed the instant Motion to Stay Discovery arguing its Motion to Dismiss is likely to dispose of this dispute in its entirety, and discovery is not needed to resolve dismissal of Plaintiffs' claims. ECF No. 44 at 9-10.

In their Opposition to the requested stay Plaintiffs argue no claim is subject to the Licensing Agreement's arbitration provision because all claims are exempted intellectual property claims and, in any event, Plaintiffs' claims do not arise from or relate to Defendants' performance under the Licensing Agreement. ECF No. 46. Plaintiffs also contend that the question of whether their patent claims involve patent eligible subject matter is a factual issue that cannot be resolved in a Motion to Dismiss. *Id.* at 8.

## II. Discussion

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Typically, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, the Court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602. That said, the ultimate question for the Court is whether, under Rule 1 of the Federal Rules of Civil Procedure ("FRCP"), it is more efficient to move discovery forward while the dispositive motion(s) is pending or to limit discovery with the aim of resolving the case in the most inexpensive manner possible. *Id.* at 603.

Here, a preliminary peek at Defendants' Motion to Dismiss does not convince the Court that Defendants will win dismissal of all claims asserted by Plaintiffs. Whether Plaintiffs' trade secret claim is an intellectual property claim exempt from arbitration under Section 15(c) of the Licensing Agreement seems likely to the Court. ECF No. 36 at 18. That is, a review of case law, which is varied and numerous, shows trade secrets frequently falling within the definition of "intellectual property." *See*, for example, *ATS Products Inc. v. Ghiorso*, Case No. C10-4880 BZ, 2012 WL 253315, at *2 n.7 (N.D. Cal. Jan. 26, 2012) (a bill of sale defining "'Intellectual Property' as 'any and all patents, trade secrets, trade names, know-how, and other property of an intellectual character"); *Stalcup v. Liu*, Case No. C 11-00002-JSW, 2011 WL 1753493, at *2 (Apr. 22, 2011) (in which a co-inventor's agreement included trade secrets in the definition of intellectual property);

*Greenwich Insurance Company v. Frontier Homes*, Case No. EDCV 10-00426-CJC(MLGx), 2011 WL 13388895, at *4 (C.D. Cal. Feb. 24, 2011) (Plaintiffs' claims alleging wrongful acquisition of their intellectual property rights fell "within the broad scope of the language" in an exclusion clause that precluded "coverage for any claim 'based upon, arising out of, directly or indirectly resulting from, in consequence of, in or anyway involving' infringement or unauthorized use of trade secrets or other intellectual property"). For this reason, the Court is not convinced Defendants will prevail on compelling arbitration of Plaintiffs' trade secret claim.

Further, in opposition to the Motion to Dismiss and Defendants' instant Motion, Plaintiffs argue their patent and trade secrets claims are directed towards Defendants' RouletteX and ActionX products, not the physical Lightning Roulette game tables Defendants were contracted to produce, but did not produce, under the Licensing Agreement. ECF No. 46 at 17. Defendants address neither this argument nor how their RouletteX and ActionX products arise under or are related to the Agreement. If Plaintiffs' claims do not arise under or relate to the Licensing Agreement, Section 8(g) of the Agreement, creating a one-year limitation period for bringing claims, will not bar Plaintiffs' Complaint.

Whether Plaintiffs' claims are subject to the Licensing Agreement is not something the Court finds will be answered by the pending dispositive motions. Moreover, to the extent any terms of the Licensing Agreement are ambiguous, discovery will be needed to interpret such terms. Given that case law demonstrates summary judgment is disfavored when interpreting ambiguous contract terms, it is reasonable to conclude dismissal is also disfavored. *See San Diego Gas & Elec. Co. v. Canadian Hunter Mktg. Ltd.*, 132 F.3d 1303, 1307 (9th Cir. 1997) ("If we find a contract to be ambiguous, we 'ordinarily' are hesitant to grant summary judgment 'because differing views of the intent of parties will raise genuine issues of material fact.'") (quoting *Maffei v. Northern Ins. Co.*, 12 F.3d 892, 898 (9th Cir. 1993)); *National Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983) ("ambiguity in a contract raises a question of intent, which is a question of fact precluding summary judgment").

1    Based on the foregoing, the Court finds Defendants do not carry their burden of demonstrating their Motion to Dismiss is potentially dispositive of the entire case and, for this reason, the Court finds a stay of discovery is not supported.

### III.    Order

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery (ECF No. 44) is DENIED.

IT IS FURTHER ORDERED that the parties must meet and confer regarding discovery that may, if the parties agree, be conducted such that prior to a decision on the Motion to Dismiss, only written discovery will be permitted. Expert disclosures and depositions may be held in abeyance to reserve resources in the event that the Court grants dismissal with prejudice of Plaintiffs' claims.

IT IS FURTHER ORDERED that Plaintiffs' proposed Discovery Plan and Scheduling Order at ECF No. 45 is DENIED without prejudice.

Dated this 7th day of November, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE