# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EVOLUTION MALTA LIMITED, *et al.*,

    Plaintiffs,

v.

LIGHT & WONDER, INC., *et al.*,

    Defendants.

Case No. 2:24-cv-00993-CDS-NJK

**Order**

[Docket No. 91]

Pending before the Court is Plaintiffs' motion to seal. Docket No. 91. Defendants filed a response. Docket No. 104. Plaintiffs filed a reply. Docket No. 109. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

There is a strong presumption of public access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 38 (2016). Courts within the Ninth Circuit are generally in agreement that a request to seal the complaint or material attached to the complaint is considered "dispositive" for purposes of a sealing request. *See, e.g., Birch v. Delporto*, 2019 WL 2298699, at *2 (D. Nev. May 30, 2019); *Billman Prop., LLC v. Bank of America, N.A.*, 2015 WL 575926, at *1 (D. Nev. Feb. 11, 2015) (collecting cases).

Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify

private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Id.* at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

Plaintiffs seek to file under seal select portions of their proposed second amended complaint and select portions of Exhibits 2, 4, 6, 8, 10, and 11 attached to the proposed complaint. Docket No. 91; *see also* Docket Nos. 90-1, 90-2, 90-3, 90-4, 90-5, 90-6. Plaintiffs seek leave because the portions include information that was designated as Confidential and Highly Confidential by Defendants pursuant to their protective order. *Id*. at 3. Defendants submit that the infringement allegations in the proposed complaint rely in part on excerpts of Defendants' non-infringement contentions and internal, non-public, and sensitive technical documents produced by Defendants. Docket No. 104 at 3. The exhibits at issue contain claim charts that allege infringement of the certain patents. *Id*. at 2-3

Defendants submit that denial of Plaintiffs' motion to seal could cause competitive harm because the disclosure of "commercially sensitive technical information would harm [Defendants'] competitive standing by providing competitors with insight into [Defendants'] internal product development and functionality that gives [Defendants their] competitive harm." Docket No. 104 at 5. Protecting trade secrets or internal information that might otherwise harm a litigant's competitive standing is a compelling reason to keep records sealed. *Kamakana*, 447 F.3d at 1179; *Ctr. for Auto Safety*, 809 F.3d at 1097. The Court has reviewed the exhibits and portions of the second amended complaint and agrees that their release could harm Defendants' competitive standing. Further, the request is narrowly tailored, as Plaintiffs are seeking to seal limited portions

of their second amended complaint and select portions of six out of eleven exhibits. Additionally, Plaintiffs have filed redacted versions of the documents. *See* Docket No. 89. The Court, therefore, finds that compelling reasons exists to seal select portions of Plaintiffs' proposed amended complaint and select portions of Exhibits 2, 4, 6, 8, 10, and 11.

The motion to seal seeks secrecy only as to portions of the second amended complaint and certain portions of exhibits. Docket No. 91 at 3. In filing the underlying motion for leave to file a second amended complaint, however, Plaintiffs filed the entirety of the motion and all exhibits under seal. *See* Docket No. 90. The *en masse* sealing stems from filing the second amended complaint and exhibits in combined volumes. *See* Docket Nos. 90-1, 90-2, 90-3, 90-4, 90-5, 90-6. It is unclear why Plaintiffs filed the motion for leave under seal. *See* Docket No. 90. In doing so, Plaintiffs violated the local rules, which require the separate filing of exhibits. *See* Local Rule IC 2-2(a)(3)(A). By failing to comply with that local rule, Plaintiffs have filed under seal 1007 pages, even though their sealing requests relates to only portions of the second amended complaint and portions of six exhibits. *See* Docket No. 104-1 at 3-5. Plaintiffs did file redacted versions on the public docket. *See* Docket No. 89. As a one-time courtesy, the Court will order the exhibits for Docket No. 90 to remain under seal. Any future filings must comply with the Local Rules.

Accordingly, the Court **GRANTS** Plaintiffs' motion to seal. Docket No. 91. The Clerk's Office is **INSTRUCTED** to unseal Docket No. 90. The Clerk's Office is **INSTRUCTED** to keep Docket Nos. 90-1, 90-2, 90-3, 90-4, 90-5, and 90-6 under seal.

Dated: June 30, 2025

_____
Nancy J. Koppe
United States Magistrate Judge