UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EVOLUTION MALTA LIMITED, *et al.*,

    Plaintiffs,

v.

LIGHT & WONDER, INC., *et al.*,

    Defendants.

Case No. 2:24-cv-00993-CDS-NJK

**Order**

[Docket Nos. 89, 90, 101, 115]

Pending before the Court is Plaintiffs' motion for leave to file their second amended complaint. Docket No. 89; *see also* Docket No. 90 (unredacted version). Defendants filed a response. Docket No. 112. Plaintiffs filed a reply. Docket No. 116. Also pending before the Court is Defendants' motion for protective order. Docket No. 101. Plaintiffs filed a response. Docket No. 111. Defendants filed a reply. Docket No. 113. Finally, pending before the Court is Defendants' motion to stay discovery. Docket No. 115. Plaintiffs filed a response. Docket No. 118. Defendants filed a reply. Docket No. 120. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

I.   BACKGROUND

In 2018, Plaintiffs launched "Lightning Roulette," an online live casino game. Docket No. 76 at 2. The U.S. Patent and Trademark Office awarded Plaintiffs multiple patents for the innovations created in Lighting Roulette, including the '024, '014, and '371 patents.[1] *Id*. On March 29, 2021, Plaintiffs entered into a licensing agreement with Defendants, in which Defendants agreed to develop a land-based version of Plaintiffs' online Lightning Roulette using physical game tables. *Id*. at 4. In furtherance of the agreement, Plaintiffs granted Defendants an exclusive license to the Haushalter patents. *Id*. Plaintiffs allege that, instead of working on

---

[1] These patents are referred to as the Haushalter patents based on the inventor's name. Docket No. 89 at 6.

developing the Lightning Roulette game tables pursuant to the parties' agreement, Defendants attempted to terminate the parties' agreement. *Id*. Plaintiffs further allege that Defendants then released their own "copycat" roulette game, called "RouletteX." *Id*.

Plaintiffs filed suit against Defendants on May 28, 2024, asserting three counts of patent infringement and two for misappropriation of trade secrets. Docket No. 1. Defendants moved to dismiss. Docket No. 34. On February 11, 2025, United States District Judge Cristina D. Silva dismissed the complaint without prejudice and with leave to amend. Docket No. 76 at 16. Judge Silva referred the matter for a settlement conference and allowed Plaintiffs to file an amended complaint, if the parties did not settle, within fourteen days of the conclusion of the settlement conference. *Id*. On April 9, 2025, United States Magistrate Judge Elayna J. Youchah held a settlement conference. Docket No. 84. The parties did not reach a settlement. *Id*. On April 10, 2025, Plaintiffs filed their first amended complaint. Docket No. 85. That same day, Plaintiffs filed a motion for leave to file a second amended complaint. Docket Nos. 89, 90. On April 11, 2025, Judge Youchah recused from this case, and on April 14, 2025, the case was reassigned to the undersigned. Docket Nos. 93, 95.

In the proposed second amended complaint, ("SAC"), Plaintiffs allege that on July 31, 2024, they acquired Uplay1, a company that was developing systems to provide live casino games to players. Docket No. 89 at 6. Plaintiffs further allege that Uplay1's intellectual property assets that were acquired include the '074 and '663 patents.[2] *Id*. Around October 2024, Plaintiffs allege that Defendants revealed a new game at the 2024 G2E Global Gaming Expo, 88 Fortunes Blaze Live Roulette ("88 Fortunes"). *Id*. at 7. In January 2025, Plaintiffs allege that Defendants publicly announced on their LinkedIn page and YouTube channel that they had launched 88 Fortunes. *Id*. Plaintiffs allege that they learned about the game from these posts. *Id*. Plaintiffs allege that 88 Fortunes is another "copycat" of their Lightning Roulette. *Id*. On March 14, 2025, Plaintiffs allege that they sent Defendants a letter notifying them that 88 Fortunes infringes on both the Haushalter patents and the Merati patents, and that RouletteX infringes on the Merati patents. *Id*. at 8.

---

[2] These patents are referred to as the Merati patents based on the inventor's name. Docket No. 89 at 7.

2

Plaintiffs now seek to file their SAC, adding Uplay1 as a plaintiff and adding the Merati patents. Docket No. 89; *see also* Docket No. 89-1 at 6, 40-48, 80-89.

## II. MOTION TO AMEND

Plaintiffs seek leave to amend to add a new party, Uplay1, and two new patents, the '074 and '663 patents, to this case. Docket No. 89 at 5; *see also* Docket No. 89-1 at 6, 40-46.

### a. Standards

Requests for leave to amend the pleadings filed on or before the amendment deadline are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id*. at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id*. Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id*. The party opposing the amendment bears the burden of showing why leave should be denied. *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

### b. Discussion

Plaintiffs submit that amendment is appropriate because Defendants cannot demonstrate prejudice. Docket No. 89 at 5. Defendants submit this amendment would prejudice them because they would "undoubtedly need to conduct significant additional discovery and develop new legal arguments" to address the new party, new patents, and new product "inserted into this litigation." Docket No. 112 at 12. Plaintiffs further submit that there has been no undue delay or bad faith. Docket No. 89 at 5. Defendants submit that amendment would cause undue delay, the case schedule would be "drastically altered," and that the request for amendment was made in bad faith.

3

Docket No. 112 at 14-16.  Lastly, Plaintiffs submit that the proposed amendments are not futile.  Docket No. 89 at 5.  Defendants submit that amendment would be futile because the patents at issue would "suffer the same fate" as the Haushalter patents.  Docket No. 112 at 17.

                *i. Bad faith*

Plaintiffs submit that they have not acted in bad faith because they are seeking to add the patents "after [their] careful and diligent investigation into [Defendants'] activities" and they have ample factual support for their allegations.  Docket No. 89 at 10.

When evaluating whether a movant is acting in bad faith, courts look to the movant's intent in seeking amendment.  *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987*); accord Rockin Artwork, LLC v. Bravado Int'l Grp. Merch. Servs., Inc.*, 727 Fed. App'x 392, 393 (9th Cir. 2018).  Any inferences made in determining whether amendment is proper should be drawn in favor of the movant.  *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*citing Griggs v. Pace Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Defendants submit that Plaintiffs moved to amend in bad faith because of the sequence of events, such as raising the Merati patents only after the Court found that the Haushalter patents were invalid.  Docket No. 112 at 16.  Defendants submit that, "at a time when the parties should be looking to narrow the issues in dispute, [Plaintiffs] not only chose to re-assert patents this Court has already found invalid, but [they] effectively attempted to initiate an entirely new patent infringement lawsuit with only a few months left in discovery." *Id*. at 17.  Defendants submit that "this gamesmanship strongly suggests bad faith and dilatory motive." *Id*.  However, while Judge Silva did find that the Haushalter patents were invalid, she granted leave to amend.  Docket No. 76 at 15-16.  While she "has some doubt that [Plaintiffs] can amend around this problem," she did not find that amendment would be futile, so Plaintiffs were allowed to re-assert the Haushalter patents.  *See id*. at 16.  Plaintiffs further submit that they only looked at 88 Fortunes and the Merati patents in February 2025, not because of the Court's order regarding the Haushalter patents, but because that is when Defendants publicly announced their new game.  Docket No. 116 at 18.

"Bad faith or dilatory motives include amendments made for tactical reasons or to delay the litigation." *JS Products, Inc. v. Kabo Tool Co.*, 2013 WL 12318260, at *3 (D. Nev. Apr. 1,

4

2013). In this case, the deadline for amending pleadings and adding parties has not lapsed. *See* Docket No. 71 at 3. The Court is unwilling to conclude that the timing of seeking to amend constitutes bad faith, especially when Plaintiffs sought leave months before the expiration of the deadline. Defendants also submit that Plaintiff's SAC is 1,000 pages and is "improperly loaded with attorney argument and case law." Docket No. 112 at 17. Plaintiffs submit that their proposed SAC is 87 pages; the rest of the pages are exhibits. Docket No. 116 at 8.

The Court, therefore, finds that Plaintiffs have not acted in bad faith in seeking leave to amend.

### ii. Undue delay

Defendants submit that Plaintiffs presumably learned about Uplay1 and the Merati patents when they acquired Uplay1 on July 31, 2024, only two months after they filed their complaint and seven months before they sent their purported notice letter to Defendants. Docket No. 112 at 15. Plaintiffs submit that there was no undue delay because it was not possible for them to include the Merati patents in the original complaint, as they did not own them at the time. Docket No. 89 at 10. Further, Plaintiffs submit that they only became aware of 88 Fortunes when it was publicly posted, in or around February 2025. *Id*.

Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Additionally, courts consider whether discovery has closed and the proximity to trial when determining whether there has been undue delay. *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015). If a case is still in discovery, there is a strong presumption against a finding of undue delay. *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 346 (D. Nev. 2022)

Here, discovery is ongoing – the discovery cut-off date is August 29, 2025, or 60 days after the Claim Construction Order, *whichever is later*. Docket No. 71 at 3 (emphasis in original). The deadline to amend the pleadings and add parties expires on June 30, 2025. *Id*. Moreover, the Court is not persuaded that there is undue delay due to Plaintiffs' acquisition of Uplay1 and the Merati patents on July 31, 2024. *See* Docket No. 112 at 15. Plaintiffs only learned of 88 Fortunes'

5

launch in February 2025, shortly after Defendants' public announcement of it, and began their investigation promptly. *See* Docket No. 116 at 7. Their investigation revealed the alleged infringement and Plaintiffs promptly put Defendants on notice. *See id.*

Accordingly, the Court finds that there has been no undue delay in seeking leave to amend the amended complaint.

### iii. Prejudice to the opposing party

Plaintiffs submit that Defendants will not be unduly prejudiced because adding the Merati patents will not significantly expand the scope of discovery, nor will it cause a significant amount of discovery to be redone. Docket No. 89 at 9. Further, Plaintiffs submit that the two products that are accused of infringing the Merati patents, RouletteX and 88 Fortunes, are a subset of the products that Plaintiffs have alleged infringe the Haushalter patents, which are already subject to discovery. *Id*. Defendants submit that they will need to conduct significant additional discovery and develop new legal arguments to address the additions. Docket No. 112 at 12.

To support the denial of leave to amend a complaint, a non-movant must show that substantial prejudice, and not just some prejudice, will result from the amendment. *Underwood*, 342 F.R.D. at 343. An amendment that "greatly alter[s] the nature of the litigation" or requires a defendant to "undertake[ ], at a late hour, an entirely new course of defense" can also result in a finding of prejudice. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The fact that an amendment might require the non-movant to do additional work, even if the increase in work is substantial, does not create prejudice. *WiAV Networks, LLC v. Hewlett-Packard Co.*, 2010 WL 11484493, *4 (N.D. Cal. 2010).

In *WiAV*, the plaintiff sought to amend the complaint to add 218 new products alleged to have infringed on its patents. *Id*. at *4. Though the court acknowledged that the amendment had "the potential to transform [that] action into a Frankenstein's monster," it nonetheless found the proposed amendment not prejudicial. *Id*. The *WiAV* court instead found that altering the case schedule to allow the defendant more time to address the newly accused products could mitigate any prejudice experienced. *Id*. at *4-*5. Here, the discovery cut off deadline is not firm. *See* Docket No. 71 at 3. To the extent any prejudice results from adding Uplay1 and two new patents,

6

it is not substantial and the scheduling order can be structured to accommodate Defendants' needs. *See also Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, No. 2:19-cv-01657-RFB-NJK, 2022 WL 17095156, at *2 (D. Nev. Nov. 18, 2022).

Similarly, the SAC would not prejudicially change the nature of the case. The SAC would add two patents and one party. Docket No. 89 at 5. Multiple courts have held that adding new patents to a case does not cause prejudice. *Aten Intern. Co., Ltd. v. Emine Tech. Co., Ltd.*, 2010 WL 1462110, *4 (C.D. Cal. 2010) (collecting cases). Further, accusing a new product, 88 Fortunes, of infringing already alleged patents cannot be said to be prejudicial when adding entirely new patents via amendment is not prejudicial. *Universal Ent. Corp.*, 2022 WL 17095156, at *3.

Further, Plaintiffs submit that they can file an entirely new case with the new additions. Docket No. 116 at 5. When a plaintiff could bring a new lawsuit in lieu of amending its complaint, judicial efficiency supports granting leave to amend. *Universal Ent. Corp.*, 2022 WL 17095156 at *3, n. 4.

Accordingly, the Court finds that the proposed amendment is not prejudicial.

> iv. *Futility of the amendment*

Defendants submit that Plaintiffs' proposed amendment to add the Merati patents will not survive a motion to dismiss because they claim patent-ineligible subject matter under 35 U.S.C. § 101. Docket No. 112 at 17. This submission goes to the merits of the proposed amendment. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). The Court similarly here declines to address futility arguments through the instant motion practice.[3]

Accordingly, this factor weighs in favor of amendment.

---

[3] Defendants are free, of course, to challenge the sufficiency of the SAC through appropriate motion practice after the SAC has been filed and served.

*v. Whether the plaintiff has previously amended the complaint*

A court may also consider whether the moving party has had previous opportunities to amend its pleadings. *Wizards*, 309 F.R.D. at 654. A district court's discretion to deny amendment is especially broad when the court has already given a plaintiff one or more opportunities to amend. *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir.2002); *Mir. v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980). There has been only one prior amendment. On April 10, 2025, Plaintiffs amended as of right in response to Judge Silva's order. Docket No. 85; *see also* Docket No. 76 at 16.

The Court, therefore, finds that this factor also favors amendment.

c. Conclusion

Accordingly, for the reasons discussed above, Plaintiffs' motion for leave to file a SAC is **GRANTED**.[4] Docket No. 89, 90. Plaintiffs must promptly file and serve the SAC.

**III.    MOTION TO STAY**

Pending before the Court is Defendants' motion to stay discovery. Docket No. 115. Plaintiffs filed a response. Docket No. 118. Defendants filed a reply. Docket No. 120. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

Defendants seek to stay discovery pending a ruling on their motion to dismiss the first amended complaint. Docket No. 115 at 6. As Plaintiffs have been granted leave to file their SAC, the SAC supersedes the first amended complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (internal citations omitted). Accordingly, Defendants' motion to stay discovery is **DENIED** as moot. Docket No. 115.

**IV.    MOTION FOR PROTECTIVE ORDER**

Pending before the Court is Defendants' motion for protective order. Docket No. 101. Plaintiffs filed a response. Docket No. 111. Defendants filed a reply. Docket No. 113. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

---

[4] It is within a magistrate judge's authority to grant leave to amend. *Underwood*, 342 F.R.D. at 342 n.2.

Defendants seek a limited protective order prohibiting Plaintiffs from demanding patent-related discovery until the Court rules on Defendants' motion to stay discovery. Docket No. 101 at 2. Defendants' motion for protective order is **DENIED** as moot. Docket No. 101.

## V.  CONCLUSION

Accordingly, for the reasons state above, Plaintiffs' motion for leave to file a SAC is **GRANTED**. Docket Nos. 89, 90. Plaintiffs must immediately file and serve the SAC. Defendants' motion to stay discovery is **DENIED** as moot. Docket No. 115. Defendants' motion for protective order is **DENIED** as moot. Docket No. 101.

IT IS SO ORDERED.

Dated: June 30, 2025

Nancy J. Koppe
United States Magistrate Judge