CHING-LEE FUKUDA
SHARON LEE
ELIZABETH MCLEAN
*(all admitted pro hac vice)*
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
Email: clfukuda@sidley.com
        sharon.lee@sidley.com
        elizabeth.mclean@sidley.com

JOSHUA J. FOUGERE
THOMAS BROUGHAN
*(all admitted pro hac vice)*
**SIDLEY AUSTIN LLP**
1501 K Street, N.W. #600
Washington, DC 20005
(202) 736-8000
Email:jfougere@sidley.com
        tbroughan@sidley.com

NICHOLAS J. SANTORO, ESQ.
Nevada Bar No. 532
JASON D. SMITH, ESQ.
Nevada Bar No. 9691
SPENCER FANE
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400/ Fax: (702) 408-3401
Email: nsantoro@spencerfane.com
        jdsmith@spencerfane.com

MORGAN MENDICINO
*(admitted pro hac vice)*
SIDLEY AUSTIN LLP
2021 McKinney Ave #2000
Dallas, TX 75201
(214) 981-3300
Email: mmendicino@sidley.com

*Attorneys for Plaintiffs Evolution Malta Ltd., Evolution Gaming Malta, Ltd., Evolution Gaming Ltd., SIA Evolution Latvia, and Uplay1*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| EVOLUTION MALTA LIMITED, EVOLUTION GAMING MALTA LIMITED, EVOLUTION GAMING LIMITED, SIA EVOLUTION LATVIA, and UPLAY1, <br><br> Plaintiffs, <br><br> v. <br><br> LIGHT & WONDER, INC. f/k/a SCIENTIFIC GAMES CORP. and LNW GAMING, INC. f/k/a SG GAMING, INC., <br><br> Defendants. | Case No.: 2:24-cv-00993-CDS-NJK <br><br> **PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER COMPELLING ARBITRATION (ECF No. 163)** |

## TABLE OF CONTENTS

**INTRODUCTION**................................................................................................................1

**LEGAL STANDARD** ........................................................................................................2

**ARGUMENT** .....................................................................................................................2

**CONCLUSION** ..................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arlitz v. GEICO Cas. Co.*,
   686 F. Supp. 3d 1077 (D. Nev. 2023) (Silva, J.) .........................................................2

*Bd. of Trs. of the S. Nev. Joint Mgmt. & Culinary & Bartenders Training Fund v.
   Fava*,
   No. 2:18-CV-36 JCM (CWH), 2019 U.S. Dist. LEXIS 75427 (D. Nev. May 2,
   2019) ........................................................................................................................3

*Fed. Deposit Ins. Corp v. Red Hot Corner, Ltd. Liab. Co.*,
   No. 2:11-cv-1283-JAD-PAL, 2014 U.S. Dist. LEXIS 150822 (D. Nev. Oct.
   22, 2014) ..................................................................................................................3

*James River Ins. Co. v. Hilton*,
   No. 2:20-cv-00687-CDS-VCF, 2022 U.S. Dist. LEXIS 122666 (D. Nev. July
   11, 2022) (Silva, J.)...............................................................................................2, 4

*Kewanee Oil Co. v. Bicron Corp.*,
   416 U.S. 470 (1974) .................................................................................................5

*Moffat v. Cingular Ameritech Mobile Communs., Inc.*,
   No. 06-13107, 2010 U.S. Dist. LEXIS 15128 (E.D. Mich. Feb. 5, 2010)..........................3, 4

*Smith v. Clark Cnty. Sch. Dist.*,
   727 F.3d 950 (9th Cir. 2013) .................................................................................2, 4

*Treasure Island, LLC v. Affiliated FM Ins. Co.*,
   No. 2:20-cv-00965-CDS-EJY, 2024 U.S. Dist. LEXIS 215930 (D. Nev. Nov.
   27, 2024) (Silva, J.)...............................................................................................2, 4

**Other Authorities**

Local Rule 59-1(a) .......................................................................................................2

ii

Pursuant to Federal Rule of Civil Procedure 60 and Local Rule 59-1, Plaintiffs Evolution Malta Limited, Evolution Gaming Malta Limited, Evolution Gaming Limited, SIA Evolution Latvia, and Uplay1 (collectively, "Evolution"), respectfully move for reconsideration of the Court's Order granting the motion to compel arbitration filed by Defendants Light & Wonder, Inc. and LNW Gaming, Inc. (collectively, "L&W"). ECF No. 163 ("Order").

## INTRODUCTION

The Court's Order compelling arbitration hinged on the following analysis: (1) the "'carve out' provision of the License Agreement upon which Evolution relies … does not provide that matters of IP infringement should not be subject to arbitration," but (2) instead "states that **if a matter is deemed to fall within infringement of IP**, the matter should be governed by 'laws of the territory where the IP is held and allegedly infringed,'" and (3) therefore "the determination of whether trade secrets fall under the purview of intellectual property is a question for an arbitrator to decide in this case." Order at 10 (emphasis in original).

Respectfully, however, the Court's analysis contains a clear error warranting reconsideration because the Order misidentifies the "'carve out' provision of the License Agreement upon which Evolution relies." The provision that the Order cites and quotes as the "carve out" is merely a *choice of law* provision about what law to apply to particular disputes. Evolution did not argue *that* provision includes a carve out. The "carve out" provision upon which Evolution relied is different: it comes in a separate, following paragraph that gives Evolution the right to enforce its rights "***in any jurisdiction***" for any dispute "in relation to the Licensed Property." ECF No. 43, § 15. L&W incorrectly argued that *this* carve out did not apply because the trade secret claims "alleged here are not Licensed Property [which covers intellectual property]." ECF No. 74, at 5-6. But the Court's Order *agreed with Evolution* that "trade secrets 'are a kind of intellectual property.'" Order at 9. The logical consequence of that finding is that the carve out applies and that the License Agreement does not require arbitration of Evolution's trade secret claims. Evolution respectfully requests that the Court grant reconsideration and deny L&W's motion.

1

**LEGAL STANDARD**

"The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction." L.R. 59-1(a). Reconsideration "may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (internal citation omitted). "It is common for both trial and appellate courts to reconsider and change positions when they conclude that they made a mistake. This is routine in judging, and there is nothing odd or improper about it." *Id.* In this Court, moreover, "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood." L.R. 59-1(a).

**ARGUMENT**

Courts in this District and elsewhere have granted reconsideration when a previous decision contains a mistake about the applicable legal authority on which the court relied. In this District, for example, the Court has held that "it was clear error to grant summary judgment" when the "decision relied upon a misapplication of" a cited case. *James River Ins. Co. v. Hilton*, No. 2:20-cv-00687-CDS-VCF, 2022 U.S. Dist. LEXIS 122666, at *14-15 (D. Nev. July 11, 2022). In another, the Court likewise found "clear error" because the "prior order failed to consider, and [wa]s in direct conflict with, the Supreme Court of Nevada's *Starr Surplus* decision." *Treasure Island, LLC v. Affiliated FM Ins. Co.*, No. 2:20-cv-00965-CDS-EJY, 2024 U.S. Dist. LEXIS 215930, at *9-12 (D. Nev. Nov. 27, 2024). And in *Arlitz v. GEICO Cas. Co.*, the Court granted reconsideration after acknowledging that it had "erroneously construed [the plaintiff's] claim for breach of the implied covenant and fair dealing." 686 F. Supp. 3d 1077, 1081-82, 1078 (D. Nev. 2023).

Other courts in this District have issued similar decisions. In one, Judge Dorsey granted

reconsideration because the court had overlooked a rule extending a filing deadline when denying the motion as untimely. *Fed. Deposit Ins. Corp v. Red Hot Corner, Ltd. Liab. Co*., No. 2:11-cv-1283-JAD-PAL, 2014 U.S. Dist. LEXIS 150822, at *1 (D. Nev. Oct. 22, 2014). In fact, Judge Mahan granted reconsideration to consider an on-point contractual provision that the *moving party* had not even raised in its initial briefing. *Bd. of Trs. of the S. Nev. Joint Mgmt. & Culinary & Bartenders Training Fund v. Fava*, No. 2:18-CV-36 JCM (CWH), 2019 U.S. Dist. LEXIS 75427, at *7 (D. Nev. May 2, 2019).

Courts from other jurisdictions have also granted reconsideration when the wrong contract provision was relied on the first time around. *Moffat v. Cingular Ameritech Mobile Communs., Inc*., No. 06-13107, 2010 U.S. Dist. LEXIS 15128, at *2-3 (E.D. Mich. Feb. 5, 2010), is a good example. There, the Court had relied on the wrong arbitration provision, and "the reliance on the incorrect arbitration provision [wa]s a palpable defect the correction of which results in a different disposition of this case." *Id.* "The revised provision change[d] th[e] Court's previous conclusion." *Id.*

These authorities support reconsideration here. The Court's Order contains a clear error because it misconstrues Evolution's argument and misidentifies the contractual provision on which it relies. The Court based its decision on the "plain language of the 'carve out' provision of the License Agreement upon which Evolution relies." Order at 10. But the provision that the Court identified and quoted as the "carve out" was *not* the "'carve out' provision of the License Agreement upon which Evolution relie[d]." The provision that the Court relied on for its decision is merely a choice of law provision:  following other provisions about claims *already in* arbitration (like the seat in London and using the English language), it provides that "matters relating to infringements of IP of the Licensed Property … shall be construed in accordance with and governed by the laws of the territory where the IP is held and allegedly infringed, without recourse to any choice of law statutes or rules." ECF No. 43, § 15(c). Claims about infringement of U.S. IP would thus be decided under U.S. federal law. That provision is not about arbitrability, Evolution did not rely on it as the carve out, and neither party discussed it in their briefs.

The "'carve out' provision of the License Agreement upon which Evolution relie[d]" is in the next paragraph. It provides that, among other things, the preceding paragraph (including the choice-of-law provision) does not limit Evolution's enforcement right for "any dispute … in relation to the Licensed Property":

> (c) Paragraphs 15(a) to (c) shall however **not in any way limit Licensor's freedom to enforce its rights** under this Agreement in respect of any dispute relating to non-payment of the Royalty and/or in relation to the Licensed Property, **in any jurisdiction**.

*Id.* (emphasis added).[1]

The Court's reliance on the wrong provision means that the Court simply "made a mistake," as sometimes happens "in judging," and the Order granting L&W's motion should be reconsidered. *Smith*, 727 F.3d at 955. As in *James River* and *Treasure Island*, the Order here contains a clear error based on the "misapplication" of controlling authority—in those cases, it was the misapplication of a controlling case; here, it is the misapplication of a controlling contractual provision. 2022 U.S. Dist. LEXIS 122666, at *15; 2024 U.S. Dist. LEXIS 215930, at *9-12. As in *Moffat*, moreover, "the reliance on the incorrect arbitration provision [wa]s a palpable defect the correction of which results in a different disposition of this case." 2010 U.S. Dist. LEXIS 15128, at *2-3.

The Court's reliance on the wrong "carve out" provision has ramifications for the Order compelling arbitration that should be reconsidered and amended.

*First*, the Order granting L&W's motion to compel arbitration cannot stand. L&W moved to compel arbitration, arguing that the trade secret claims arise out of or in connection with the License Agreement under § 15, which Evolution disputes. Even accepting L&W's argument, under the correct "carve out" provision, the relevant question should have been whether the trade secret claims brought in this case are "in relation to the Licensed Property." Evolution argued that they

---

[1] The agreement contains two sections "(c)." This appears to be a clerical error, but it does not impact the legal analysis.

are, including because trade secrets are "protectable intellectual property." ECF No. 78, at 4-7 (citing, *e.g.*, *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 478 (1974)). L&W argued that they are not, because "the definition of Licensed Property does not reference 'trade secrets.'" ECF No. 79, at 3-4; ECF No. 74, at 4-7. Citing to the same *Kewanee Oil* case that Evolution cited, the Court "agree[d]" with Evolution that "trade secrets 'are a kind of intellectual property.'" Order at 9-10. That brings them within the definition of "Licensed Property," just as Evolution argued.  Under the correct "carve out" provision, therefore, Evolution had the right to enforce its trade secret claims in any jurisdiction, including in this district court. ECF No. 78, at 4-7.

*Second*, the Court's follow-on findings about the arbitrability issue should be vacated and amended. The Court found "the misappropriation of trade secret claims to be claims arising 'out of or in connection with [the License Agreement],' so L&W's motion to compel arbitration is granted." Order at 10. But the Court conducted no analysis of the "arising out of or in connection with" language, and expressly delegated the resolution of that dispute to the arbitrators. *Id.* In fact, applying the correct carve out provision means that there was no reason for the Court to make that finding.  Because Evolution had the right to "bring any dispute … in relation to the Licensed Property, in any jurisdiction," that carve out provision is dispositive on the arbitrability question; there is no reason to even ask whether the dispute might otherwise arise "out of or in connection with" the License Agreement. ECF No. 78, at 4-7. L&W (not Evolution) claimed that the arbitration provision applies here, but L&W's position is squarely foreclosed by the carve out. For the same reason, the Court's conclusion about L&W's alternative time-bar argument should be vacated and amended—the Court concluded that this argument "should also be decided by the arbitrator," Order at 11, but the premise of that holding was the Court's mistaken decision compelling arbitration. *See also* ECF No. 78, at 10-14. Evolution requests that the Court's contrary findings be vacated.

In the end, as Evolution explained, the logic of L&W's arbitration position is self-defeating because it would extend to the patent claims too. ECF No. 78, at 7-10. L&W has never disputed that the patent claims are "Licensed Property," and yet L&W has not even tried to compel

arbitration on the patent infringement claims. *Id.* Just as Evolution was not required to arbitrate anything about the patent claims, therefore, Evolution also was not required to arbitrate anything about the trade secret claims.

## CONCLUSION

For the foregoing reasons, Evolution respectfully submits that the motion for reconsideration should be granted and L&W's motion to compel arbitration should be denied.

DATED:  October 10, 2025


OF COUNSEL:                                    SPENCER FANE

CHING-LEE FUKUDA                   /s/ *Jason D. Smith*
SHARON LEE                             NICHOLAS J. SANTORO, ESQ.
ELIZABETH MCLEAN                  Nevada Bar No. 532
(*all admitted pro hac vice*)           JASON D. SMITH, ESQ.
SIDLEY AUSTIN LLP                     Nevada Bar No. 9691
787 Seventh Avenue                     300 South Fourth Street, Suite 1600
New York, NY 10019                     Las Vegas, Nevada 89101
(212) 839-5300                             Tel.: (702) 408-3400/ Fax: (702) 408-3401
Email: clfukuda@sidley.com         Email: nsantoro@spencerfane.com
            sharon.lee@sidley.com                jdsmith@spencerfane.com

JOSHUA J. FOUGERE                  *Attorneys for Plaintiffs Evolution Malta Ltd.,*
THOMAS BROUGHAN               *Evolution Gaming Malta, Ltd., Evolution Gaming*
(*all admitted pro hac vice*)           *Ltd., SIA Evolution Latvia, and Uplay1*
SIDLEY AUSTIN LLP
1501 K Street, N.W. #600
Washington, DC 20005
(202) 736-8000
Email: jfougere@sidley.com
            tbroughan@sidley.com

MORGAN MENDICINO (*admitted pro hac vice*)
SIDLEY AUSTIN LLP
2021 McKinney Ave #2000
Dallas, TX 75201
(214) 981-3300
Email: mmendicino@sidley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of October 2025, I caused a true and correct copy of the foregoing Plaintiffs' Motion for Reconsideration of Order Compelling Arbitration (ECF No. 163) to be served via the United States District Court CM/ECF system on all parties or persons requiring notice.


*/s/ Marissa Vallette*
An employee of SPENCER FANE